EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Doris Lebrón Correa, et al.<br><br>Demandantes–Peticionarios<br><br>vs.<br><br>Juan R. Díaz Troche, et al.<br><br>Demandados–Recurridos | Certiorari<br><br>2005 TSPR 160<br><br>165 DPR \_\_\_\_ |

Número del Caso: CC-2003-587

Fecha: 28 de octubre de 2005

Tribunal de Apelaciones:

        Circuito Regional IV de Aguadilla–Mayagüez

Juez Ponente:

        Hon.  Yvonne Feliciano Acevedo


Abogado de la Parte Peticionaria:

        Lcdo. Francisco Vicenty Gronau

Abogados de la Parte Recurrida:

        Lcdo. José L. González Castañer
        Lcda. Rita M. Vélez González
        Lcdo. Anselmo Irizarry Irizarry


Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Doris Lebrón Correa, *et al.*

    Demandantes-Peticionarios

          vs.                     CC-2003-587      CERTIORARI

Juan R. Díaz Troche, *et al.*

    Demandados-Recurridos

PER CURIAM

San Juan, Puerto Rico, a 28 de octubre de 2005

Como expresara este Tribunal --en <u>Reyes Coreano</u> v. <u>Loubriel</u>, 110 D.P.R. 40 (1980) --el "... temor de que se nos tache de inconsistentes no debe impedir que reconsideremos ..." la actuación, o decisión, errónea que hayamos emitido anteriormente en un caso en particular.

En consecuencia, al <u>reconsiderar</u> la Sentencia que este Tribunal emitiera en el presente caso el pasado 14 de septiembre de 2005[1], dejamos sin efecto la misma, y devolvemos el caso al foro de instancia para la celebración

---

[1] En esa ocasión, el Juez Presidente, señor Hernández Denton, disintió <u>sin</u> opinión escrita y el Juez Asociado señor Rebollo López emitió Opinión disidente.

de procedimientos ulteriores consistentes con lo aquí resuelto.

I

La Sra. Doris Lebrón Correa, por sí y en representación de sus cinco hijos, presentó una demanda de daños y perjuicios por impericia médica en contra del Dr. Juan Díaz Troche y otros.[2] En la misma se alegó que el 11 de julio de 1997 Lebrón Correa fue ingresada en el Hospital Dr. Perea, Inc., en donde fue intervenida quirúrgicamente por el doctor Díaz Troche, quien le extirpó la vesícula mediante el procedimiento de laparoscopía.

Adujo la codemandante Lebrón Correa que esta intervención fue realizada "de manera negligente, torpe y desviándose de las normas y prácticas aceptadas y requeridas en una buena práctica de la medicina" y que la negligencia del doctor Díaz Troche, en esta primera intervención, provocó que tuviera que ser operada de emergencia, en dos ocasiones adicionales, lo cual desembocó en la extirpación de parte de su estómago. Alegó, por último, que en la actualidad sufre una incapacidad permanente, situación por la que ha padecido

---

[2] Se demandó, además, a su esposa y la sociedad legal de gananciales integrada por ambos, al Hospital Dr. Perea Inc., el Sindicato de Aseguradores para la Suscripción Conjunta de Seguro de Responsabilidad Médico-Hospitalaria (SIMED) y a Saint Paul Fire & Marine Insurance Company.

angustias y sufrimientos; estimó todos estos daños en una suma no menor de un millón de dólares ($1,000,000).

Tras la celebración de una vista en su fondo --en la que la parte demandante presentó toda su prueba y dio por sometido su caso-- los demandados presentaron una moción de desestimación al amparo de la Regla 39.2(c) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 39.2 (c). En síntesis, alegaron que en la prueba presentada por los demandantes no estaban presentes los elementos de negligencia y relación causal que ameritaba la concesión de un remedio.

Mediante sentencia a esos efectos, el Tribunal de Primera Instancia, Sala Superior de Mayagüez, acogió la moción de desestimación presentada por los demandados y desestimó la demanda radicada. Aun cuando el referido foro, en sus determinaciones, dejó claramente establecido el hecho de que el doctor Díaz Troche incurrió en negligencia al lacerar el ducto biliar de la señora Lebrón durante la primera intervención realizada y que la referida laceración "fue la que propició que la demandante tuviera que ser intervenida nuevamente", dicho foro resolvió que los demandantes fallaron en "establec[er] el elemento de la relación causal entre la negligencia de los demandados y los daños, conforme lo requiere la normativa vigente." A esos efectos, señaló que "[d]e los testimonios reseñados es claro que no hubo ni una pizca de evidencia sobre los sufrimientos de la parte demandante" y que ésta

descansó en que "al demostrar la negligencia quedaban demostrados los daños."

Inconforme con la determinación del foro de instancia, la parte demandante acudió ante el Tribunal de Apelaciones. El referido foro intermedio confirmó la determinación del tribunal de instancia. Aun insatisfechos, los demandantes acudieron ante este Tribunal, mediante recurso de *certiorari.* Expedimos el mismo.

II

Como expresáramos anteriormente, el 14 de septiembre de 2005, revocamos tanto la actuación del tribunal de primera instancia como del tribunal apelativo intermedio, concluyendo que los demandantes cumplieron con su obligación de establecer la existencia de un daño real y la relación causal entre el acto médico negligente y el daño sufrido. En dicha ocasión, el Tribunal le concedió a la codemandante Lebrón Correa la suma de $20,000.00 por las angustias físicas y mentales sufridas por ella. Nada se dispuso en cuanto a los daños alegadamente sufridos por los menores codemandantes.

Todas las partes han radicado sendas mociones de reconsideración. Resolvemos.

III

Un examen del expediente del caso nos convence de que la parte demandante presentó prueba que podría ser suficiente en derecho para sostener una sentencia favorable a ella, luego de que la misma sea avalada por el tribunal de instancia en conjunto con la prueba que, en su día, presente la parte demandada; esto es, entendemos que los demandantes efectivamente presentaron prueba –cuando menos, *prima facie*–– sobre la negligencia en que incurrió el doctor demandado, sobre los daños producidos y sobre el elemento de la relación causal entre los daños sufridos y la negligencia de los demandados. Así surge de la exposición narrativa de la vista celebrada ante el foro de instancia y de la prueba documental que consta en los autos.

En primer lugar, en esta etapa de los procedimientos, no existe controversia en torno a que al realizar la primera intervención, el doctor Díaz Troche laceró el ducto biliar de la demandante lo que provocó que sufriera una peritonitis biliar que obligó a realizar una segunda intervención.[3] Además, ante el foro de instancia desfiló prueba en cuanto a que, luego de esta segunda operación, la señora Lebrón experimentó un sangrado profuso que

---

[3] En su sentencia el foro de instancia concluyó que la laceración se debió a la negligencia del cirujano y que ésta fue la causa de que la demandante tuviera que ser intervenida en dos ocasiones posteriores.

obligó a transfundirla en seis ocasiones y que provocó una tercera intervención quirúrgica, la cual fue realizada de emergencia cuando ésta comenzó a vomitar sangre.

Del mismo modo, es un hecho incontrovertido que esta tercera intervención resultó en la remoción de la mitad del estómago de la demandante como consecuencia de una gastritis hemorrágica debido a "ulceración por stress". Asimismo, quedó probado que como consecuencia de esta secuela de intervenciones la señora Lebrón estuvo hospitalizada por espacio de tres semanas, durante las cuales sufrió intensos dolores, angustias y complicaciones y se vio obligada a desatender el cuidado de sus hijos.

Como vemos, es evidente que en el caso de autos no estamos ante un caso claro de "ausencia de prueba" que dé paso a una desestimación al amparo de la Regla 39.2 (c) de las de Procedimiento Civil.[4] De la prueba desfilada ante el

---

[4] La referida Regla establece:

Después que el demandante haya terminado la presentación de su prueba, el demandado, sin renunciar al derecho de ofrecer prueba en el caso de que la moción sea declarada sin lugar, podrá solicitar la desestimación, fundándose en que bajo los hechos hasta ese momento probados y la ley, el demandante no tiene derecho a la concesión de remedio alguno. El tribunal podrá entonces determinar los hechos y dictar sentencia contra el demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada. A menos que el tribunal en su orden de desestimación lo disponga de otro modo, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que se hubiere dictado por falta de jurisdicción, o por haber omitido acumular una

**(Continúa . . .)**

foro de instancia surge la existencia de la evidencia necesaria para sostener --en esta etapa de los procedimientos-- la demanda de daños y perjuicios incoada por la parte demandante.

Sobre este particular, hemos sido enfáticos al señalar que en nuestra jurisdicción, para que proceda la desestimación de una causa de acción bajo la Regla 39.2(c), es menester que no exista duda en cuanto a que la parte demandante no tiene derecho a la concesión de remedio alguno. Si la prueba presentada por dicha parte tiende a demostrar que bajo alguna circunstancia ésta podría prevalecer, entonces "[l]a duda que surge del testimonio del demandante requiere que [el demandado] presente su caso, lo que dará al tribunal una visión más completa de los hechos". Colombani v. Gob. Municipal de Bayamón, 100 D.P.R. 120, 122-23 (1971).

A tono con lo anterior, hemos señalado que para que proceda la desestimación de la demanda es menester que el tribunal esté plenamente convencido de que el demandante no tiene oportunidad alguna de prevalecer. Roselló Cruz v. García, 116 D.P.R. 511, 520 (1985); Irrizary v. A.F.F., 93 D.P.R. 416, 420-21 (1966). Definitivamente, estamos totalmente convencidos de que este no es el caso que hoy tenemos ante nuestra consideración.

---

parte indispensable, tienen el efecto de una adjudicación en los méritos.

IV

Ahora bien, establecida la improcedencia de una solicitud de desestimación al amparo de las disposiciones de la antes mencionada Regla 39.2(c) de Procedimiento Civil, lo procedente en derecho es que el tribunal de instancia reciba la prueba o evidencia que la parte demandada tenga a bien presentarle.

Sobre este particular, conviene puntualizar que la Regla 39.2 (c), ante, es clara al establecer que al presentar una moción de desestimación por este fundamento, el demandado no renuncia a presentar su prueba en caso de que la moción sea declarada sin lugar. Debe mantenerse presente la máxima de que la "esencia del debido proceso de ley es que nadie sea privado de su propiedad sin darle la oportunidad de ser oído." Véase: Carrero Suárez v. Sánchez López, 103 D.P.R. 77, 78 (1974). Este derecho incluye, desde luego, la oportunidad de presentar evidencia. Véase: Pagán v. Registrador, 62 D.P.R. 594, 597 (1943).[5]

Resulta patentemente claro, en consecuencia, que lo procesalmente correcto es que se devuelva el caso al

---

[5] Sólo así se vería cumplida la norma reiteradamente sostenida por este Foro de que los tribunales tienen que velar que la interferencia con los intereses propietarios del individuo se haga a través de un procedimiento que en esencia sea justo y equitativo. Almonte v. Brito, res. el 2 de abril de 2002, 2002 T.S.P.R. 37; Rivera Rodríguez & Co. v. Lee Stowell, 133 D.P.R. 881, 887-88 (1993); Rodríguez Rodríguez v. E.L.A., 130 D.P.R. 562, 578 (1992), López Vives v. Policía de Puerto Rico, 118 D.P.R. 219 (1987).

tribunal de instancia para que la parte demandada tenga oportunidad --si es que ésta así lo entiende procedente-- de presentar su prueba; <u>luego de lo cual el foro de instancia deberá resolver el caso en los méritos</u>; esto es, deberá decidir si declara **con** o **sin** lugar la demanda radicada.[6]

Se dictará Sentencia de conformidad.

---

[6] Naturalmente, de declararse con lugar la demanda radicada, dicho foro deberá valorar, y conceder, la compensación que entienda procedente a la parte demandante; esto es, tanto a la Sra. Lebrón Correa como a sus hijos.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Doris Lebrón Correa, *et al.*

    Demandantes-Peticionarios

        vs.                 CC-2003-587     CERTIORARI

Juan R. Díaz Troche, *et al.*

    Demandados-Recurridos

SENTENCIA

San Juan, Puerto Rico, a 28 de octubre de 2005

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria de la emitida en el presente caso por el Tribunal de Apelaciones y se devuelve el caso al tribunal de instancia para que la parte demandada tenga oportunidad --si es que ésta así lo entiende procedente-- de presentar su prueba; luego de lo cual el foro de instancia deberá resolver el caso en los méritos, esto es, deberá decidir si declara con, o sin, lugar la demanda radicada.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

                       Aida Ileana Oquendo Graulau
                   Secretaria del Tribunal Supremo