ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **EFRAÍN VALENTÍN CABÁN y otros**<br><br>Demandante-Apelante<br><br>v.<br><br>**JUAN COGAN y otros**<br><br>Demandada-Apelada | KLAN202400034 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **Arecibo**<br><br>Civil Núm.: **CFAC2009-0011**<br><br>Sobre: Recisión de Contratos |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 30 de abril de 2024.

El señor Efraín Valentín Cabán y otros (en adelante, señor Valentín Cabán o parte apelante) acude ante nos y solicita que revoquemos la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de Arecibo (en adelante, TPI) el 1 de agosto de 2023. Mediante la misma, el TPI declaró *No Ha Lugar* la demanda de referencia y ordenó la desestimación con perjuicio, al palio de la Regla 39.2 de Procedimiento Civil, *infra*.

De otra parte, el TPI declaró *Ha Lugar* la reconvención presentada por los demandados Cruz B. Cartagena, Yolanda Martínez Cobarrubias, y la Sociedad Legal de Gananciales compuesta por ambos (matrimonio Cartagena Martínez). Consecuentemente, condenó al señor Valentín Cabán y la señora María Meléndez Rodríguez (matrimonio Valentín Meléndez) al pago de $30,000.00, más otras partidas pactadas entre las partes.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

**I.**

Según surge del expediente, los hechos que originan la presente causa se remontan al 15 de mayo de 2008, cuando el matrimonio Valentín Meléndez incoó una demanda sobre recisión de contrato y daños y perjuicios contractuales en contra del matrimonio Cartagena Martínez y otros.

En la demanda, el matrimonio Valentín Meléndez alegó que el señor Valentín Cabán adquirió de la señora Martínez Cobarrubias el negocio "Classic Cuts Design Corp", localizado dentro de un área que ocupaba Pueblo International LLC (en adelante, Pueblo International), entidad que a su vez le subarrendaba dicho espacio.[1] Además, en la demanda se adujo que Pueblo International cesó operaciones meses después de perfeccionarse el contrato de compraventa. De acuerdo con la demanda, alegadamente, la señora Martínez Cobarrubias y demás demandados conocían del cierre de operaciones de Pueblo International y ocultaron esa información con la intención de defraudar. Asimismo, el matrimonio Valentín Meléndez sostuvo que los estados financieros presentados por la señora Martínez Cobarrubias se prepararon para presentar una situación económica irreal del negocio a ser adquirido.

Por su parte, el 21 de noviembre de 2008, la señora Martínez Cobarrubias contestó la demanda y, el 30 de diciembre de 2008, instó una reconvención, en la cual reclamó un pagaré de $30,000.00, suscrito a su favor por el señor Valentín Cabán.

Luego de varios trámites procesales, el 10 de julio de 2019 se llevó a cabo el juicio en su fondo. Sometido el caso por la parte demandante, la parte demandada solicitó la desestimación ("*nonsuit*"), bajo las disposiciones de la Regla 39.2 (c) de

---

[1] La compraventa fue por cantidad de $300,000.00 y compareció el señor Cruz Cartagena quien es el esposo de la señora Martínez Cobarrubia con un poder, porque la señora se encontraba en Estados Unidos.

Procedimiento Civil, 32 LPRA Ap. V, R. 39.2 (c). También requirió que declarara ha lugar su reconvención.

Tras evaluar la prueba presentada, el 1 de agosto de 2023, el TPI emitió la *Sentencia* que hoy revisamos. En su dictamen, el TPI formuló las siguientes determinaciones de hechos:[2]

1) La señora Yolanda Martinez Cobarrubias era dueña original del negocio "Classic Cuts". [...]

   [...]

8) La señora Martínez Cobarrubias le vendió el negocio "Classic Cuts" a la parte demandante por la suma de $300,000.00. `

   [...]

10) Entre los documentos solicitados por el BDEPR para otorgar el préstamo se encontraba los estados financieros del negocio "Classic Cuts Design Corp." (Exhibit #1 de la parte demandante).

   [...]

20) El Supermercado, Pueblo Xtra, cerró operaciones el 15 de mayo de 2007.

   [...]

26) Para el préstamo que se estaba solicitando en el BDEPR, para la compra del negocio no se solicitaron las Planillas de Contribución sobre Ingresos de la vendedora.

   [...]

31) Además, informan los demandantes que los estados financieros preparados por el señor Reynaldo Adorno Valentín, indicaron que éste y la señora Martínez Cobarrubias se "confabularon" para engañar a los demandantes y presentar situación económica irreal del negocio "Classic Cuts". Valga mencionar que por esta misma alegación se incluyó al señor Adorno Valentín como codemandado. Dicha alegación fue adjudicada en los méritos por el Tribunal emitiéndose Sentencia Parcial el 31 de julio de 2013 de desestimación contra Adorno Valentín concluyendo expresamente que tales circunstancias no ocurrieron.

32) Aun así, los demandantes anunciaron al señor Adorno Valentín como testigo de éstos, sin embargo, a la fecha de la vista dicho testigo no fue producido por los demandantes.

33) Llegada la fecha de vista, la parte demandante confrontó a la demandada con los estados financieros considerados por el BDEPR para otorgar el préstamo (Exhibit #1 parte demandante). De esta forma, en cuanto al año 2003, según el estado

---

[2] Solo se incluyen aquellas determinaciones de hechos que son pertinentes a los errores presentados por la parte apelante.

financiero, los ingresos fueron de $233,721.00 y una ganancia neta de $83,559.00; mientras que para el año 2004, se desprende ingresos ascendentes a $246,023.00 y una ganancia neta de $85,992.00. Para el año 2005, al 30 de septiembre de 2005, según el estado financiero correspondiente (Exhibit #2 parte demandante), se desprende ingresos por $190,761.00 y ganancias netas de $68,997.00.

34) Al intentar confrontarlos con las planillas de Contribución sobre Ingresos de la señora Martínez Cobarrubias la representación legal de ésta los objetó.

35) La representación legal de la demandada levantó la objeción sobre autoincriminación debido a la diferencia entre las Planillas de Contribución sobre Ingresos y los Estados Financieros.

[…]

37) La representación legal de la demandada indicó que la señora Martínez Cobarrubias no era la persona idónea para declarar sobre las mismas, [...] Que habiendo adjudicado el Tribunal que entre la señora Martínez Cobarrubias y el señor Adorno Valentín no hubo conducta dirigida a defraudar a los demandantes no procedía el interrogatorio de la demandada en cuanto a sus Planillas de Contribución sobre Ingresos.

38) Así mismo, el representante legal dice que en la demanda se alega dolo grave entre los demandados y el contable. Ahora bien, la Resolución del 14 de noviembre de 2018 reconoció que mediante Sentencia Parcial se determinó que no hubo tal confabulación. [...]

39) Escuchado los argumentos de ambas partes, se declaró con lugar la objeción de la representación legal de la demandada y no permitió las Planillas de Contribución sobre Ingresos. [...]

40) Ante la determinación del Tribunal, la parte demandante dio por sometido su caso, indicando que era en esta evidencia que se sustentaba su caso.

41) La parte demandada solicitó la desestimación ("nonsuit") de la demanda, así como se declarara con lugar su reconvención basada en la deuda de $30,000.00 evidenciada mediante pagaré [...].

En su pronunciamiento, el foro de instancia expresó que la alegación del matrimonio Valentín Meléndez sobre confabulación o fraude en la transacción de compraventa del salón de belleza era improcedente, toda vez que fue previamente adjudicada mediante *Sentencia Parcial* del 31 de julio de 2013.

Por otro lado, bajo los preceptos de la Regla 39.2 de Procedimiento Civil, *supra,* el Tribunal destacó que, del examen de

los hechos probados hasta la solicitud de desestimación que tuvo a su bien resolver, en unión a la ausencia de prueba sobre la alegación de confabulación, quedó demostrado que el matrimonio Valentín Meléndez carecía de prueba en relación con dicho aspecto esencial y necesario de su reclamación. Por ende, el TPI concluyó que procedía la desestimación de la demanda.

De otra parte, sobre la reconvención presentada por la señora Martínez Cobarrubias, el TPI la declaró *Ha Lugar*. El Tribunal razonó que, según la contestación instada por el matrimonio Valentín Meléndez, éstos aceptaron la obligación consignada en el pagaré suscrito por $30,000.00, pieza de evidencia estipulada por las partes.

Insatisfecho con la *Sentencia*, el 16 de agosto de 2023, el señor Valentín Cabán solicitó reconsideración, a lo cual se opuso la señora Martínez Cobarrubias. A tales efectos, el TPI emitió una *Resolución* el 13 de diciembre de 2023, declarando *No Ha Lugar* la reconsideración.

Aun en desacuerdo con la decisión del TPI, el señor Valentín Cabán comparece ante nosotros mediante el recurso que nos ocupa y alega que el TPI cometió los siguientes errores:

> Erró el Honorable Tribunal, al negarse aceptar prueba evidenciaría, las planillas de contribución sobre ingresos del negocio de la Sra. Yolanda Martínez Cobarrubias, preparados el Contable a requerimientos de la parte demandada.

> Erró el Honorable Tribunal al concluir, como cuestión de hecho que no hubo confabulación entre los demandados, entiéndase, señora Martínez Cobarrubias y su esposo Cruz B. Cartagena, para engañar a los demandantes aún cuando éste último no participó en la transacción de compraventa del salón de belleza.

> Erró el Erró el Honorable Tribunal al entender, que la alegaciones de confabulación y fraude alegada por los demandantes fue debidamente adjudicada por lo que resulta improcedente la presentación en evidencia de las planillas de contribución sobre ingresos de la demandada Martínez Cobarrubias, las cuales, en unión a los estados financieros, fueron preparados por el Contable a petición de ésta, para demostrar la

confabulación o fraude entre estos, resulta improcedente puesto que fue ya adjudicada mediante una Sentencia Parcial.

Erró el Honorable Tribunal a disponer de la causa de acción de la parte demandante a tenor con la Regla 39.2 de Procedimiento Civil sobre desestimación, según solicitada por la parte demandada.

El 19 de marzo de 2024, la parte apelada presentó su *Oposición al Recurso de Apelación*. Con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver.

## II.

## A.

La Regla 39.2(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(c), versa sobre la moción de desestimación contra la prueba o por insuficiencia de la prueba, también conocida como moción de *non suit*. Esta permite exponerle al tribunal que a base de la prueba presentada por la parte demandante no existe evidencia de algún aspecto esencial de la reclamación y que por ello procede la desestimación del pleito o de parte de la reclamación. En lo pertinente, el inciso dispone lo siguiente:

> (c) Después que la parte demandante haya terminado la presentación de su prueba, la parte demandada, sin renunciar al derecho de ofrecer prueba en el caso de que la moción sea declarada "sin lugar", podrá solicitar la desestimación, fundándose en que bajo los hechos hasta ese momento probados y la ley, la parte demandante no tiene derecho a la concesión de remedio alguno. El tribunal podrá entonces determinar los hechos y dictar sentencia contra el demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada. A menos que el tribunal en su orden de desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que se haya dictado por falta de jurisdicción, o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos.

Ante una solicitud de desestimación contra la prueba, el tribunal sentenciador debe aquilatar la evidencia presentada hasta ese momento y determinar, a base de su apreciación de los hechos y según la credibilidad que le haya merecido la aludida prueba, si el demandante tiene derecho a un remedio o si procede la

desestimación solicitada. En ese momento, el tribunal debe determinar si la evidencia presentada por la parte demandante es suficiente por sí misma para satisfacer los requisitos de su particular causa de acción. *Rivera Figueroa v. The Fuller Brush Co.*, 180 DPR 894, 915-916 (2011).

Si conforme a la apreciación del juzgador, la parte demandante no presentó prueba suficiente para sostener sus alegaciones, la parte demandada no tiene que defenderse y procede la desestimación de la demanda. *Lebrón v. Díaz,* 166 DPR 89, 94 (2005). Si la prueba presentada por dicha parte tiende a demostrar que bajo alguna circunstancia ésta podría prevalecer, entonces "[l]a duda que surge del testimonio del demandante requiere que [el demandado] presente su caso, lo que dará al tribunal una visión más completa de los hechos". *Colombani v. Gob. Municipal de Bayamón,* 100 DPR 120, 122-23 (1971).

No obstante, esa facultad debe ejercitarse después de un escrutinio sereno y cuidadoso de la prueba, según la credibilidad que le merezca esa evidencia. *Rivera Figueroa v. The Fuller Brush Co.*, supra, pág. 916.

**B.**

De otra parte, el Art. 1054 del Código Civil derogado[3], provee un remedio para daños derivados del incumplimiento de contrato, al disponer: "[q]uedan sujetos a la indemnización de los daños y perjuicios causados, los que en el cumplimiento de sus obligaciones incurrieren en solo, negligencia o morosidad, y los que de cualquier modo contravinieran al tenor de aquellas". 31 LPRA sec. 3018. En síntesis, las acciones *ex contractu* se refieren a actos u omisiones voluntarios que conllevan la inobservancia de obligaciones

---

[3] Aplicable a los hechos del presente caso.

previamente pactadas. *Maderas Tratadas v. Sun Alliance et al.*, 185 DPR 880, 909 (2012).

Al igual que en una acción extracontractual, en la *ex contractu* la parte promovente debe probar la existencia de los daños alegados y del incumplimiento culposo o doloso de la obligación contractual. *Muñiz-Olivari v. Stiefel Labs.*, 174 DPR 813, 819 (2008). De igual manera, debe existir una relación de causa a efecto entre el incumplimiento y los daños. *Íd.*

## C.

La Regla 110 de Evidencia, 32 LPRA Ap. VI, R. 110, sobre evaluación y suficiencia de la prueba estatuye que la juzgadora o el juzgador de hechos deberá justipreciar la evidencia presentada con el propósito de determinar cuáles hechos han quedado establecidos o demostrados, con sujeción a los principios siguientes:

(a) El peso de la prueba recae sobre la parte que resultaría vencida de no presentarse evidencia por alguna de las partes.

(b) La obligación de presentar evidencia primeramente recae sobre la parte que sostiene la afirmativa en el asunto en controversia.

(c) Para establecer un hecho, no se exige aquel grado de prueba que, excluyendo posibilidad de error, produzca absoluta certeza.

(d) La evidencia directa de una persona testigo que merezca entero crédito es prueba suficiente de cualquier hecho, salvo que otra cosa se disponga por ley.

(e) La juzgadora o el juzgador de hechos no tiene la obligación de decidir de acuerdo con las declaraciones de cualquier cantidad de testigos que no le convenzan contra un número menor u otra evidencia que le resulte más convincente.

(f) En los casos civiles, la decisión de la juzgadora o del juzgador se hará mediante la preponderancia de la prueba a base de criterios de probabilidad, a menos que exista disposición al contrario. En los casos criminales, la culpabilidad de la persona acusada debe ser establecida más allá de duda razonable.

(g) Cuando pareciere que una parte, teniendo disponible una prueba más firme y satisfactoria,

ofrece una más débil y menos satisfactoria, la evidencia ofrecida deberá considerarse con sospecha.

(h) Cualquier hecho en controversia es susceptible de ser demostrado mediante evidencia directa o mediante evidencia indirecta o circunstancial. Evidencia directa es aquélla que prueba el hecho en controversia sin que medie inferencia o presunción alguna y que, de ser cierta, demuestra el hecho de modo concluyente. Evidencia indirecta o circunstancial es aquélla que tiende a demostrar el hecho en controversia probando otro distinto, del cual por si o, en unión a otros hechos ya establecidos, puede razonablemente inferirse el hecho en controversia.

Como es sabido, la evidencia pertinente es aquella que tiende a aumentar o disminuir la probabilidad de la existencia de un hecho que tiene consecuencias para la adjudicación de la acción. Esto incluye la evidencia que sirva para impugnar o sostener la credibilidad de una persona testigo o declarante. Regla 401 de Evidencia, 32 LPRA Ap. VI, R. 401. La materialidad y el valor probatorio son elementos fundamentales en la determinación de pertinencia y admisibilidad, y "se refiere a la relación [de la prueba ofrecida] con los hechos y cuestiones de derecho en controversia". La evidencia que no cumpla con cualquiera de estos dos elementos no es pertinente y no será admisible en los tribunales. *Izagas Santos v. Family Drug Center,* 182 DPR 463, 482 (2011), citando a E.L. Chiesa Aponte, *Tratado de Derecho Probatorio*, San Juan, Pubs. J.T.S, 1998, T. I, pág. 22.

### III.

Mediante una escueta discusión de sus cuatro señalamientos de error, la parte apelante esencialmente alega que el foro de instancia se equivocó al no admitir las planillas de contribución sobre ingresos de la señora Martínez Cobarrubias como parte de la prueba de su caso. En ese sentido, arguye que, debido a la omisión de ciertas discrepancias por la parte apelada relacionadas a las planillas de contribución sobre ingresos y varios estados financieros,

se configuraron actos dolosos graves, de tal magnitud, que, de haber conocido dicha información de antemano, no hubiera suscrito el contrato en cuestión.

Como norma general, los tribunales apelativos no intervendremos con las determinaciones de hechos, con la apreciación de la prueba, ni con la adjudicación de credibilidad efectuadas por el TPI, salvo en situaciones en que éste haya incurrido en pasión, prejuicio, parcialidad o error manifiesto. *Gómez Márquez et al. v. El Oriental*, 203 DPR 783, 793 (2020); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 753 (2013).

Según surge del tracto procesal y las determinaciones de hechos del Tribunal de Primera Instancia, la parte apelante anunció a un testigo, más este no fue producido el día del juicio en su fondo. Además, la parte apelante, por entenderlo pertinente, intentó confrontar a la señora Martínez Cobarrubias con las planillas de contribución sobre ingresos, pero su representación legal levantó objeción oportunamente bajo el fundamento de autoincriminación. Trabado el asunto, el juzgador de los hechos declaró ha lugar la objeción de la representación legal de la parte apelada y no permitió las preguntas relacionadas a las planillas de contribución sobre ingresos de la señora Martínez Cobarrubias, por lo cual éstas se marcaron como evidencia ofrecida pero no admitida. Así las cosas, la parte apelante sometió su caso y razonó que dicha evidencia no admitida era en la que sustentaba su causa de acción.

Analizado detenidamente el expediente y las particularidades del caso, es claro que el foro de instancia atendió los méritos de la demanda de referencia y resolvió correctamente que la parte apelante carecía de prueba sobre el aspecto de que existió una confabulación en su contra, detalle esencial de su reclamación. La parte apelante pretendía descansar únicamente en la declaración de la señora Martínez Cobarrubias en cuanto a cierta información

comprendida en sus planillas de contribución sobre ingresos, prueba que fue marcada como evidencia ofrecida, pero no admitida por el tribunal. La parte apelante no cumplió con los requisitos de su causa de acción ni logró controvertir las determinaciones del TPI. Los errores señalados en el escrito de apelación que hoy atendemos no se cometieron. Procedía la desestimación bajo la Regla 39.2 (c) de Procedimiento Civil, *supra*. [4]

En fin, ante la falta de demostrar que el TPI incurrió en algún error manifiesto, prejuicio o parcialidad, no intervendremos con el dictamen apelado. *Colón y Otros v. K-Mart y Otros*, 154 DPR 510, 520 (2001). Las determinaciones de hecho emitidas por el TPI analizaron la evidencia presentada y dispone diáfanamente la carencia de prueba de la parte apelante.

**IV.**

Por los fundamentos que preceden, se confirma la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] Además, la parte apelante no nos colocó en condiciones para pasar juicio sobre la apreciación de la prueba realizada por el TPI, toda vez que no sometió algún medio de reproducción de la prueba oral. La Regla 19 del Reglamento del Tribunal de Apelaciones establece que, cuando la parte apelante haya señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de ésta por parte del tribunal apelado, someterá una transcripción, una exposición estipulada o una exposición narrativa de la prueba. Regla 19 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 19.