Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| CONSEJO DE TITULARES DEL CONDOMINIO METROMONTE<br><br>Peticionario<br><br>V.<br><br>*MAPFRE PRAICO INSURANCE COMPANY*<br><br>Recurrido | TA2025CE00189 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm. CA2019CV03429<br><br>Sobre: Seguros, Incumplimiento, Aseguradoras Huracanes Irma, María |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda del Toro y la Jueza Lotti Rodríguez

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de noviembre de 2025.

El peticionario Consejo de Titulares del Condominio Metromonte solicita que revisemos la denegatoria del Tribunal de Primera Instancia a aplicar la presunción de evidencia adversa establecida en la Regla 304(5) de Evidencia, 32 LPRA Ap. VI. Por su parte, la recurrida MAPFRE presentó su oposición al recurso.

**I**

Los hechos pertinentes para atender y resolver este recurso son los siguientes. El 5 de septiembre de 2019, el peticionario demandó a MAPFRE, porque no estaba conforme con la indemnización ofrecida por los daños que el huracán María ocasionó al condominio. El peticionario adujo que MAPFRE, incumplió sus obligaciones contractuales y violó las disposiciones aplicables del Código de Seguros.[1]

---

[1] Véase Demanda, entrada número 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) ante el TPI.

Por su parte, la aseguradora alegó que cumplió con los acuerdos establecidos en la póliza de seguro y con la ley aplicable. La recurrida argumentó que el peticionario reclamó cuantías exageradas y una indemnización por daños que no los ocasionó el huracán María.[2]

El juicio comenzó en el mes de octubre de 2024, luego de un extenso trámite procesal. El peticionario presentó su prueba. La recurrida solicitó la desestimación por insuficiencia de la prueba conforme a la Regla 39.2 (c) de Procedimiento Civil, 32 LPRA Ap. V. El TPI la denegó moción de desestimación, sin perjuicio.[3] La peticionaria alega que MAPFRE determinó renunciar a su derecho de presentar su prueba durante el juicio sin ofrecer una justificación válida y sin poner a su disposición los testigos anunciados y los documentos identificados.

Inconforme el peticionario presentó *Moción para que se aplique la presunción de prueba adversa establecida en la regla 304(5) de Evidencia de Puerto Rico.*[4] Su representación legal adujo que la renuncia expresa, categórica y voluntaria de la aseguradora a presentar la prueba a su favor, activó la presunción de que toda evidencia voluntariamente suprimida resultaría adversa, si fuera ofrecida.

MAPFRE, se opuso a la aplicación de esa presunción porque; (1) la peticionaria estaba obligada a probar su caso, (2) lo obliga renunciar a su derecho como demandado a no presentar prueba, (3) la peticionaria tuvo a su disposición toda la evidencia, (4) todos los testigos fueron anunciados durante el descubrimiento de prueba, (5) la pretensión de la peticionaria viola la economía procesal y, (6) el peticionario no había colocado al tribunal en posición de evaluar

---

[2] Contestación a la Demanda, entrada número 8 SUMAC TPI.
[3] Véase Minuta Enmendada, entrada número 417 SUMAC TPI.
[4] Entrada número 430 SUMAC TPI.

porque cada una de las piezas de evidencia deben presumirse o resultarían adversas. No obstante, reconoció que ninguna de las partes encontró jurisprudencia que resolviera, si la presunción aplica a toda la prueba anunciada por un demandado que sometió su caso sin presentar prueba. La aseguradora argumentó que la activación de esa presunción, la obliga a escoger entre renunciar a su derecho a presentar una moción de *non suit* o a enfrentarse a las consecuencias de la presunción adversa.[5]

El TPI concluyó que la inferencia establecida en la Regla 304(5) de Evidencia, *supra*, no es absoluta y que su aplicación, debe evaluarse de acuerdo con el contexto procesal del caso, máxime cuando estaba encontrada con la Regla 39.2 (c), *supra*. El foro primario interpretó que la Regla 39.2(c) contempla el derecho del demandado a no presentar prueba a su favor, después de evaluar la presentada por la demandante. Según el TPI la razón del demandado para suprimir la evidencia es un elemento de peso, al momento de evaluar si se activa la presunción establecida en la Regla 304(5) de Evidencia, *supra.* Concluyó que el recurrido ejerció su prerrogativa a no presentar prueba a su favor, luego de evaluar la que ofreció la parte demandante. A su juicio, la pretensión de la peticionaria obligaría a un demandado a presentar prueba a su favor, a pesar de que la que presentó la demandante era insuficiente.[6]

El foro de instancia advirtió que los testigos estuvieron a disposición de la demandante durante el descubrimiento de prueba para entrevistarlos y determinar si quería incluirlos como parte de su prueba. El TPI concluyó que la demandante tenía las herramientas para determinar, si los testimonios eran favorables y la oportunidad de anunciarlos como prueba a su favor como hizo

---

[5] Entrada número 433 SUMAC TPI.
[6] Entrada número 435 SUMAC TPI.

con otros testigos. Por último, advirtió que la demandante no lo puso en posición para determinar que la prueba documental anunciada y no utilizada por la demandada debía considerarse desfavorable a esta. El TPI concluyó que la demandada controvirtió la presunción de prueba desfavorable, porque ofreció una razón contemplada en nuestro ordenamiento para suprimir voluntariamente la prueba anunciada.[7]

El TPI determino; (1) dejar sin efecto la celebración del juicio en su fondo, (2) ordenó el desglose de las identificaciones de la demandada, (3) aclaró que consideraría la prueba estipulada y la marcada y admitida a favor de la demandada en la Conferencia con Antelación al Juicio, (4) concedió a las partes 60 días para presentar sus propuestas de determinaciones de hechos probados y conclusiones y (5) advirtió que daría el caso por sometido concluido el término concedido.[8]

Inconforme el Consejo de Titulares presentó este recurso en el que alega que:

> El TPI ERRÓ AL NO APLICAR LA PRESUNCIÓN DE PRUEBA ADVERSA A MAPFRE LUEGO DE QUE MAPFRE SUPRIMIERA DELIBERADA, LIBRE Y VOLUNTARIAMENTE LA PRUEBA ANUNCIADA Y NO CUMPLIERA CON LAS CONDICIONES PARA EVITAR LA APLICACIÓN DE LA PRESUNCION.

## II

### El certiorari

El Tribunal Supremo de Puerto Rico estableció los criterios para la expedición de un certiorari en *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Nuestro máximo intérprete de la ley local, definió el certiorari como un mecanismo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. La opinión ratifica lo previamente expresado en *Caribbean Orthopedics v. Medshape et*

---

[7] Id.
[8] Id.

*al.,* 207 DPR 994, 1004 (2021); *Mc Neil Healthcare v. Mun. de Las Piedras I,* 206 DPR 391, 403 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). La característica principal del *certiorari* es la discreción que tiene el tribunal para atenderlo. La discreción ha sido definida reiteradamente como una forma de razonabilidad aplicada al discernimiento judicial. Su ejercicio persigue el objetivo de llegar a una conclusión justiciera. *Rivera et al. v. Arcos Dorados et al.*, supra pág. 210.

No obstante, la discreción del foro para expedir el recurso no es absoluta, sino que se guía por la regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V y por los preceptos de la regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.  A tales efectos la Regla 52.1 de Procedimiento Civil, supra, establece que el recurso de *certiorari* solamente será expedido:

> ....

> [para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

> Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

> Por su parte, la regla 40 de nuestro reglamento propone que

a fin de que el Tribunal de Apelaciones pueda ejercer su discreción

prudentemente, considere los siguientes criterios al determinar si procede la expedición de un auto de certiorari. El texto de la regla citada es el siguiente.

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B) Si la situación de los hechos planteada es la más indicada para analizar el problema.
>
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ahora bien, el permitir recurrir de diversas resoluciones no abona al desenvolvimiento lógico y funcional de los casos, porque interrumpe la marcha ordenada del proceso litigioso. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 730 (2016). Por otro lado, precisa puntualizar que la denegatoria a expedir un auto de *certiorari* no constituye una adjudicación en los méritos. Por el contrario, es el ejercicio discrecional que hace el foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el tribunal de instancia. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

### Interpretación y Aplicación de la Ley

El texto de una ley no debe ser menospreciado bajo el pretexto de cumplir su espíritu, si es claro y libre de toda ambigüedad. No obstante, cuando es ambiguo se considerará su razón y espíritu para descubrir su verdadero sentido, con atención a los objetivos del legislador y la causa o el motivo para dictarla. Artículos 19 y 20 del Código Civil del 2020, 31 LPRA secciones 5341 y 5342.

El legislador al aprobar una ley persigue corregir un mal, alterar una situación existente, complementar una reglamentación vigente, fomentar algún bien específico o el bienestar general, reconocer o proteger un derecho, crear una política pública o formular un plan de gobierno. Por consiguiente, los tribunales deben interpretar las leyes aplicables a la situación de hechos ante sí, de forma que se cumpla cabalmente con la intención legislativa. *Vicenti v. Saldaña,* 157 DPR 37,47-48 (2002).

### Presunciones Controvertibles

La Regla 302 de Evidencia, 32 LPRA Ap. VI, establece que, en los casos civiles, la parte contra la que se establece una presunción tiene el peso de la prueba para demostrar la inexistencia del hecho presumido. El juzgador o la juzgadora debe aceptar su existencia, si la parte contra la que se estableció la presunción no ofrece evidencia para demostrar la inexistencia del hecho presumido. La parte que interesa rebatir la presunción debe persuadir al juzgador de que es más probable la inexistencia que la existencia del hecho presumido. Según lo establecido en la Regla 304(5), supra, se presume que toda evidencia ofrecida y voluntariamente suprimida, resultara adversa si se ofreciere. Su propósito es ayudar en el proceso de aquilatar la prueba, porque penaliza a la parte proponente, que ofrece evidencia de menos valor probatorio o suprime alguna voluntariamente. Por consideraciones de lógica y conveniencia, se estima que las partes presentaran toda la prueba que les sea favorable. No obstante,

cuando la promovente ofrece evidencia de menor valor probatorio o suprime evidencia voluntariamente, se piensa que lo hace porque no es favorable. R Emmanuelli Jiménez, *Prontuario de Derecho Probatorio Puertorriqueño*, 4ta ed., San Juan, Ed. SITUM, Inc., 2015, págs. 171-172; *Rivera Aguila v. K- Mart de PR,* 123 DPR 599, 512 (1989).

El Tribunal Supremo de Puerto Rico nos explicó en *Rivera Figueroa v. The Fuller Brush Co.,* 180 DPR 894, 910 (2011) que una presunción es una deducción de un hecho que la ley autoriza a hacer o requiere que se haga a partir de otro hecho o grupo de hechos previamente establecidos. Los hechos previamente establecidos se les denomina hechos básicos y a los deducidos mediante la presunción, hechos presumidos. El debido proceso de ley exige que entre el hecho básico y el presumido exista un vínculo racional, que puede surgir de la lógica, la experiencia o de cierta política pública.

### La moción contra la prueba conocida como non suit

La Regla 39.2 (c) de Procedimiento Civil, supra, permite que la parte demandada presente una moción contra la prueba, también conocida como *non suit*. Los tribunales deberán evaluar si la prueba que presentó la demandante es suficiente por sí misma para satisfacer los requisitos de su particular causa de acción. La desestimación de una demanda basada en la Regla 39.2 (c), supra, solo procede ante un caso claro de ausencia de prueba por la demandante. El tribunal tiene que estar claramente convencido de que la demandante no tiene ninguna probabilidad de prevalecer. Los tribunales apelativos no intervendremos con la apreciación del foro de instancia que desestimó por la prueba, salvo que haya actuado con pasión, prejuicio, parcialidad o error manifiesto. No obstante, debido a la gravedad de la desestimación, los tribunales debemos ser cuidadosos cuando evaluamos una moción de esa naturaleza.

Su adjudicación conlleva el final de la reclamación de un demandante y de su día en corte. *Rivera Figueroa v. The Fuller Brush Co., supra, págs.* 915-916; *Lebrón v. Díaz,* 166 DPR 89, 94 (2005).

### La Jurisprudencia relacionada a la moción de non suit y la presunción de prueba adversa

*Luengo v. Fernández,* 83 DPR 636, 638 (1961)

En este caso el foro primario dictó sentencia a favor de la demandante. El demandado acudió al Tribunal Supremo donde cuestionó la denegatoria del TPI a la moción de *non suit.* El Tribunal Supremo resolvió que el demandado no podía cuestionar la denegatoria a la moción de *non suit*, porque renunció a ese derecho cuando presentó la prueba. Fue claro y enfático que la presentación de evidencia constituye una renuncia al derecho a apelar la sentencia.

*Murcelo v. H.I Hettinger & Co.,* 92 DPR 411, 426-432 (1965).

La demandante presentó su prueba durante el juicio en una reclamación por daños y perjuicios. El demandado informó que no tenía prueba que ofrecer, sometió el caso y presentó una moción de *non suit.* El TPI dictó sentencia a favor de la demandante. El demandado apeló la sentencia, porque la prueba presentada era insuficiente. El Tribunal Supremo de Puerto Rico enfatizó que el demandado descansó en la prueba del demandante y optó por no presentar evidencia. El tribunal advirtió que la presentación de una moción de *non suit* conlleva riesgos, porque el juez sentenciador es quien valora la evidencia. No obstante, señaló que el asunto era más serio cuando el demandado anuncia un testigo de los hechos y no lo trae a declarar sobre un punto tan importante. Según el Tribunal Supremo esas son las circunstancias dan lugar a la aplicación de la presunción de que toda evidencia suprimida resultara adversa si se ofreciera.

*Rivera Aguila v. K- Mart de P.R.,* 123 DPR 599, 612-613 (1989)

El patrono demandado en un pleito de despido injustificado anuncio una prueba documental, pero no la presentó en el juicio. El Tribunal Supremo resolvió que la acción de no presentar la evidencia en el juicio activó la presunción de que de toda evidencia voluntariamente suprimida resultara adversa si se ofreciera. La parte afectada por la presunción tiene el peso de la prueba para demostrar que es más probable la no existencia que la existencia del hecho presumido.

*Lebrón v. Díaz,* 166 DPR 89, 95 (2005)

Los demandantes presentaron una demanda por daños y perjuicios. Durante el juicio presentó su prueba y dio el caso por sometido. El demandado presentó una moción de desestimación al amparo de la Regla 39.2 (c), *supra,* en la que alegó que la demandante no presentó prueba de negligencia ni de relación causal. El TPI acogió la moción de desestimación y desestimó la demanda a pesar de que en sus determinaciones de hecho dejó claramente establecida la negligencia del demandado. La demandante acudió al Tribunal Supremo que resolvió que no estaba en un caso de ausencia total de prueba y en el que la demandante no tenía derecho a remedio alguno. Según el tribunal, la duda que surgió del testimonio del demandante requería que el demandado presentara su caso para que el tribunal tuviera una visión más completa de los hechos. El Tribunal Supremo devolvió el caso para que la demandada tuviera la oportunidad, si lo entendía procedente de presentar prueba luego de la cual el foro de instancia debería resolver el caso en sus méritos.

**III**

Las circunstancias particulares de este caso ameritan que ejerzamos nuestra discreción para intervenir con la decisión del foro primario. Nuestra intervención es necesaria para corregir el abuso de discreción y error de derecho que cometió el TPI.

La peticionaria alega que la presunción de prueba adversa aplica a la evidencia que la demandada anunció y suprimió, luego de que el TPI denegara la moción de *non suit*. Su análisis es correcto. El TPI erró al no aplicar dicha presunción.

El recurrido, se opone a presentar su prueba, porque si lo hace no podrá cuestionar en apelación la denegatoria a la moción de *non suit*. Sin embargo, tal como advirtió el Tribunal Supremo la moción de *non suit* conlleva riesgos. Si la aseguradora no quería correr el riesgo de no poder cuestionar en apelación la denegatoria a la moción de *non suit*, bien pudo acudir en *certiorari* a este tribunal. Los tribunales no podemos pasar por alto que las leyes son, para entre otras cosas, reconocer o proteger un derecho y que debemos interpretarlas de forma que se cumpla cabalmente con la intención legislativa. El legislador penalizó claramente a la parte que ofrece evidencia de menos valor probatorio o suprime alguna voluntariamente, ya que pensó que lo hacía porque no le era favorable. El texto de la Regla 304(5), *supra,* es claro y libre de ambigüedad. El legislador no condicionó la aplicación de la presunción a ninguna situación. Fue categórico en que se presume que toda evidencia ofrecida y voluntariamente suprimida resultara adversa si se ofreciera.

El promovente de una moción de *non suit* que ha sido denegada tiene dos opciones: (1) presentar la prueba o, (2) no presentarla. No obstante, si decide no presentarla, se corre el riesgo de que la demandante invoque la presunción de prueba adversa. Sin embargo, aún tiene la oportunidad de refutar la presunción y demostrar que su intención no fue ocultar prueba adversa. Si bien es cierto que la demandada no está obligada a probar el caso de la demandante, también es cierto que el norte de los tribunales es buscar la verdad.

El foro primario impuso a la peticionaria una carga procesal que no le corresponde. La peticionaria no estaba obligada a ponerlo en posición para determinar que prueba documental anunciada y no utilizada por la recurrida debía considerarse desfavorable. El legislador no le impuso esa carga procesal a quien invoca la aplicación de la presunción. Únicamente dispuso que la presunción se activa contra la parte que ofrece evidencia y la suprime voluntariamente. La parte contra la que se establece una presunción tiene el peso de la prueba para demostrar la inexistencia del hecho presumido. El TPI, además concluyó incorrectamente que la presunción de prueba adversa se controvierte con meramente alegar que la presentación de evidencia impide cuestionar la denegatoria de la moción de *non suit* en apelación.

El TPI, además erró al concluir que la recurrida controvirtió la presunción de evidencia desfavorable. Según el TPI la recurrida ofreció una razón contemplada en nuestro ordenamiento para suprimir voluntariamente la prueba anunciada. La recurrida alegó que la presentación de la prueba violentaba su derecho a cuestionar la denegatoria de la moción de *non suit* en apelación. No obstante, esa no es una razón contemplada en nuestro ordenamiento jurídico para suprimir la prueba anunciada y controvertir la presunción. La parte que se opone a la presunción es la que está obligada a ofrecer evidencia para demostrar la inexistencia del hecho presumido. Su obligación es persuadir al juzgador de que es más probable la inexistencia que la existencia del hecho presumido. El recurrido tiene derecho a esa oportunidad.

**IV**

Se expide el recurso, se revoca la determinación recurrida y se ordena al TPI a aplicar la presunción de prueba adversa establecida en la Regla 304(5), 32 LPRA Ap. VI, conforme lo antes

expresado. Se deja sin efecto la paralización emitida en presente recurso.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones