ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| ANN MARIE TERON AGUILU, ARNOY TERON AGUILU, DIGNA DE JESUS<br><br>Apelada<br><br>v.<br><br>ARDIN TERON SANTIAGO, AMIR J. TERON LLADO, MIRELY TERON LLADO Y OTROS<br><br>Apelante | **TA2025AP00584** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Civil Núm. SJ2021CV02791<br><br>Sobre: Acción de Sentencia Declaratoria: Injunction enriquecimiento Injusto; Nombramiento de Contador-Partidor; Partición de Herencia |

Panel integrado por su presidente, el Juez Bonilla Ortiz, el Juez Pagán Ocasio y el Juez Sánchez Báez.

Bonilla Ortiz, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de enero de 2026.

Comparece ante nos el Sr. Ardín Terón Santiago (señor Terón Santiago o "el apelante") y nos solicita que revisemos la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan el 6 de diciembre de 2024, siendo notificada por edicto el 16 de septiembre de 2025. Mediante el referido dictamen, el foro primario ordenó el archivo con perjuicio de la reconvención instada por el apelante.

Por los fundamentos que expondremos a continuación, **CONFIRMAMOS** la determinación apelada.

**I.**

El 4 de noviembre de 2021, Anne Marie Terón Aguilú (señora Terón Aguilú), Arnoy Terón Aguilú y Digna De

---

[1] Ver Orden Administrativa OATA-2025-235 del 2 de diciembre de 2025.

Jesús (en conjunto, "parte apelada") presentaron una *Demanda* contra el señor Terón Santiago, Amir J. Terón Lladó, Mirely Terón Lladó, Ina Terón Molina, e Ian Terón Molina.[2] En esencia, solicitaron una sentencia declaratoria validando los testamentos abiertos del Sr. Lorenzo Terón Del Río y la Sra. Ana Amelia Santiago Avilés.

El 18 de mayo de 2022, el señor Terón Santiago radicó su *Contestación a la Demanda,* mediante la cual negó la mayoría de las alegaciones y sostuvo que los testamentos del señor Terón Del Río y la señora Santiago Avilés eran nulos.[3] En cuanto a la *Reconvención y Demanda contra Coparte*, señaló que los referidos testamentos eran defectuosos, mancomunados, que contenían designaciones recíprocas y en beneficio de terceros, además que confundieron causales propios y ajenos. Por ello, reiteró la nulidad de los testamentos y solicitó la apertura del *ab intestado* de ambos causantes, declarando únicos y universales herederos a los hijos de éstos, Arnoy y Ardín Terón Santiago.

El 15 de junio de 2022, la parte apelada presentó su *Contestación a Reconvención y Demanda Contra Coparte*, donde negaron las aseveraciones presentadas en su contra.[4] Asimismo, reiteraron que los testamentos eran válidos y las omisiones no afectaron su carácter.

Luego de varias incidencias procesales, el 17 de octubre de 2022, los apelados presentaron *una Moción Solicitando Sentencia Sumaria*.[5] En esencia, sostuvieron

---

[2] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] *Contestación a la Demanda, Reconvención y Demanda conta Coparte*, entrada núm. 30 en SUMAC.
[4] *Contestación a Reconvención y Demanda Contra Co-Parte*, entrada núm. 36 en SUMAC.
[5] *Moción Solicitando Sentencia Sumaria*, entrada núm. 52 en SUMAC.

que habiendo testado en escritura pública los causantes frente a un notario, y en cumplimiento con las disposiciones en cuanto a los tercios, procedía declararlos válidos y eficaces.

El 1 de diciembre de 2022, el señor Terón Santiago presentó su *Oposicion a Sentencia Sumaria*.[6] En la cual planteó que existen controversias sobre hechos materiales que impedían la disposición sumaria del caso. Asimismo, argumentó que los testamentos incumplieron con requisitos formales o de fondo, por ello, eran nulos.

Evaluadas las mociones, el 6 de marzo de 2023, el foro de instancia emitió una *Sentencia Parcial,* en la cual declaró con lugar la solicitud de sentencia sumaria parcial instada por los apelados, y confirmó la validez de los testamentos otorgados por el señor Terón del Río y la señora Santiago Avilés.[7]

El 14 de marzo de 2023, los apelados presentaron una *Moción en Solicitud de Desestimación de Reconvención con Perjuicio*.[8] En esta, solicitaron que fuera desestimada con perjuicio la *Reconvención* presentada por el señor Terón Santiago en su contra, bajo el fundamento de que los hechos ya probados y por disposición de ley, el apelante no tenía derecho a la concesión del remedio solicitado.

De otra parte, en desacuerdo con la *Sentencia Parcial*, el 17 de marzo de 2023, el señor Terón Santiago presentó una moción de reconsideración.[9] No obstante,

---

[6] *Oposicion a Sentencia Sumaria*, entrada núm. 65 en SUMAC.
[7] *Sentencia Parcial*, entrada núm. 76 en SUMAC.
[8] *Moción en Solicitud de Desestimación de Reconvención con Perjuicio*, entrada núm. 79 en SUMAC.
[9] *Moción de Reconsideración a la Sentencia Sumaria Parcial*, entrada núm. 80 en SUMAC.

esta fue denegada mediante *Resolución* emitida por el foro *a quo* siendo notificada el 20 de marzo de 2023.[10]

El 17 de marzo de 2023, el apelante presentó una oposición a la desestimación de la reconvención.[11] Sostuvo que, la sentencia no era final, firme e inapelable por estar pendiente una solicitud de reconsideración.

Posteriormente, el 1 de mayo de 2023, la parte apelada presentó una *Moción de la Parte Demandante Solicitando Sentencia Declaratoria y Sentencia Sumaria Parcial sobre su Primera Causa de Acción*.[12] Destacaron que, la causa de acción instada buscaba que el foro primario determinara y decretara la validez de los testamentos del señor Terón Del Río y de la señora Santiago Avilés, entiéndase, los derechos de titularidad exclusiva del señor Terón Aguilú sobre el inmueble en Montecillos Este y del apelante en los inmuebles de Greenville y Puerto Nuevo. Por ello, esbozaron que el señor Terón Santiago no se quedaba desprovisto de derechos. Finalmente, sostuvieron que la causa de acción en cobro de dinero y/o daños podía ventilarse en otra acción civil.

Posteriormente, el 24 de junio de 2024, los apelados presentaron *Moción en Solicitud de Orden en Cuanto a Moción de Sentencia Sumaria*.[13] Solicitaron, que luego de la *Sentencia Parcial* notificada por el foro

---

[10] *Resolución*, entrada núm. 83 en SUMAC.
El 25 de mayo de 2023, el Tribunal de Apelaciones emitió una *Sentencia*, en la cual confirmó la *Sentencia Parcial* emitida por el foro primario. Véase, *Sentencia*, entrada núm. 99 en SUMAC.
[11] *Moción en Oposición a Desestimación de la Reconvención*, entrada núm. 81 en SUMAC.
[12] *Moción de la Parte Demandante Solicitando Sentencia Declaratoria y Sentencia Sumaria Parcial sobre su Primera Causa de Acción*, entrada núm. 93 en SUMAC.
[13] *Moción en Solicitud de Orden en Cuanto a Moción de Sentencia Sumaria*, entrada núm. 132 en SUMAC.

primario el 9 de marzo de 2023, en la cual decretó la validez de los testamentos de los causantes, había sido presentada una solicitud de sentencia sumaria parcial, la cual quedó interrumpida por trámites ante el foro apelativo. No obstante, una vez el foro *a quo* adquirió jurisdicción, solicitaron fuera emitida una orden al apelante para que procediera a contestar la moción de sentencia sumaria parcial.

Así las cosas, el 25 de junio de 2024, el foro primario notificó una *Orden*, en la cual le concedió el término de 20 días al apelante para que presentara su contestación.[14]

Luego de varias prórrogas, el 19 de agosto de 2024, el señor Terón Santiago, presentó su *Moción en Oposición a Sentencia Sumaria del 1 de mayo de 2023 (Entrada 93 de SUMAC)*.[15] En esencia, solicitó fuera denegada la moción de sentencia sumaria, se ordenara a realizar el inventario y avalúo de los bienes, y determinara las participaciones de los herederos y su pago conforme a derecho.

Luego de varias incidencias procesales, el 6 de diciembre de 2024, el foro primario emitió varias determinaciones. En primer lugar, una *Resolución* para atender la moción de sentencia declaratoria y sentencia sumaria parcial instada por los apelados, a su vez, la oposición presentada por el apelante.[16] En esta, denegó la moción de sentencia sumaria, y ordenó la continuación de los procedimientos.

---

[14] *Orden*, entrada núm. 133 en SUMAC.
[15] *Moción en Oposicion a Sentencia Sumaria del 1 de mayo de 2023 (Entrada 93 de SUMAC)*, entrada núm. 138 en SUMAC.
[16] *Resolución*, entrada núm. 161 en SUMAC.

En la misma fecha, notificó una *Sentencia Parcial*, en la cual atendió la moción de desestimación de reconvención con perjuicio presentada por los apelados.[17] Mediante la cual, declaró *Ha Lugar* la solicitud de desestimación de la reconvención. El foro primario determinó que la reconvención había sido fundamentaba en la nulidad de los testamentos otorgados por los causantes, y la *Sentencia Parcial* emitida el 6 de marzo de 2023 atendió la validez de los testamentos, por lo que, procedía el archivo con perjuicio de la reconvención.

En desacuerdo, el 26 de diciembre de 2024, el señor Terón Santiago presentó una *Moción de Reconsideración a la Sentencia Parcial*.[18] En esta, reiteró que los testamentos eran nulos por no haberse cumplido con los requisitos formales. Asimismo, esbozó que a pesar de que el foro *a quo* había atendido la demanda, quedaba pendiente la reconvención, por presentar alegaciones separadas.

El 3 de enero de 2025, el foro primario notificó una *Orden*, mediante la cual denegó la moción de reconsideración.[19] Asimismo, hizo referencia a los mandatos emitidos por nuestro Tribunal Supremo y el Tribunal de Apelaciones.

Luego de varias incidencias procesales, el 10 de septiembre de 2025, el foro de instancia notificó una *Orden*, en la cual instruyó a la Secretaría a que re-notificara a todas las partes sobre las determinaciones realizadas.[20]

---

[17] *Sentencia Parcial*, entrada núm. 162 en SUMAC.
[18] *Moción de Reconsideración a la Sentencia Parcial*, entrada núm. 167 en SUMAC.
[19] *Orden*, entrada núm. 169 en SUMAC.
[20] *Orden*, entrada núm. 213 en SUMAC.

Así las cosas, el 10 de septiembre de 2025, la Secretaría del Tribunal de Primera Instancia, emitió la *Notificación de Sentencia por Edicto* sobre la *Sentencia Parcial* emitida el 6 de diciembre de 2024.[21]

El 25 de septiembre de 2025, la parte apelada presentó *Escrito al Expediente Judicial Acreditando Publicación de Sentencia por Edictos*.[22] En este, informaron que la notificación de la *Sentencia Parcial* había sido debidamente publicada en el periódico el 16 de septiembre de 2025.

El 1 de octubre de 2025, el apelante presentó *Moción Solicitando Anulación de Notificación*.[23] Arguyó que, los apelados incumplieron con el término para informarle al tribunal y a las partes sobre la notificación, a su vez, que no acreditaron el envío de la notificación de la publicación por edicto por correo certificado con acuse de recibo. Por ello, expresó que la notificación era inoficiosa.

De otra parte, en la misma fecha, el señor Terón Santiago presentó nuevamente una *Moción de Reconsideración a la Sentencia Parcial del 6 de diciembre de 2024*.[24] Mediante la cual, reiteró que la reconvención contenía alegaciones separadas a la demanda, aunque envolvían la misma controversia sobre los testamentos.

El 6 de octubre de 2025, los apelados presentaron una *Moción en Cumplimiento de Orden [224]*.[25] Alegaron

---

[21] *Notificación de Sentencia por Edicto*, entrada núm. 214 en SUMAC.
[22] *Escrito al Expediente Judicial Acreditando Publicación de Sentencia por Edictos*, entrada núm. 220 en SUMAC.
[23] *Moción Solicitando Anulación de Notificación*, entrada núm. 222 en SUMAC.
[24] *Moción de Reconsideración a la Sentencia Parcial del 6 de diciembre de 2024*, entrada núm. 223 en SUMAC.
[25] *Moción en Cumplimiento de Orden [224]*, entrada núm. 226 en SUMAC.

que, la notificación simultánea sobre la publicación del edicto a todas las partes, no procedía, debido a que ninguna de las partes codemandadas había sido declaradas en rebeldía. Sin embargo, mencionaron que si el foro primario entendía la notificación no cumplía con los requisitos que exige el debido proceso de ley, solicitaron se re-notificara la sentencia.

Así las cosas, el 8 de octubre de 2025, el foro primario notificó una *Orden*, mediante la cual ordenó a la Secretaría a que re-notificara la *Sentencia Parcial* del 6 de diciembre de 2024 a todas las partes.[26]

Posteriormente, el 22 de octubre de 2025, el señor Terón Santiago presentó una *Moción de Reconsideración a la Sentencia Parcial del 6 de diciembre de 2024*.[27] No obstante, el 24 de octubre de 2025, el foro de instancia notificó una *Orden*, mediante la cual denegó la moción.[28]

Aun inconforme, el 24 de noviembre de 2025, el apelante presentó el recurso de epígrafe en el cual planteó el siguiente señalamiento de error:

> Cometió error de derecho el Tribunal de Primera Instancia al desestimar parcialmente la reconvención por cuanto es una alegación separada, no fue atendida por dicho foro y por lo tanto lesiona el derecho del apelante a presentar su caso.

El 3 de diciembre de 2025, emitimos una *Resolución* en la cual le concedimos el término de quince (15) días a la parte apelada para que se expresaran sobre el recurso.

Así las cosas, el 9 de diciembre de 2025, los apelados presentaron su *Oposición a Escrito de Apelación*.

---

[26] *Orden*, entrada núm. 228 en SUMAC.
[27] *Moción de Reconsideración a la Sentencia Parcial del 6 de diciembre de 2024*, entrada núm. 233 en SUMAC.
[28] *Orden*, entrada núm. 234 en SUMAC.

Contando con la comparecencia de todas las partes, procedemos a atender el recurso de epígrafe.

## II.

### -A-

La desestimación es un pronunciamiento judicial que resuelve el pleito de forma desfavorable para el demandante sin celebrar un juicio en su fondo o en los méritos. *SLG Sierra v. Rodríguez*, 163 DPR 738, 745 (2005); R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 5ta. Ed., San Juan, Michie de Puerto Rico, 2010, sec. 3901, pág. 369. De este modo, nuestro ordenamiento jurídico en materia de procedimiento civil dispone varios supuestos en los cuales una parte puede solicitar la desestimación de una acción en su contra antes de presentar la contestación a la demanda. Hernández Colón, *op. cit.*, págs. 266-267.

Uno de estos supuestos está regulado por la Regla 39.2 de las Reglas de Procedimiento Civil. Dicha Regla, permite la desestimación de pleitos a iniciativa del Tribunal o a solicitud de la parte demandada, en casos en que se incumpla con la Regla o cualquier orden del Tribunal; cuando se deja de proseguir el caso; o cuando no se presenta prueba que justifique la concesión de un remedio. Regla 39.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2. La facultad del tribunal de declarar con lugar una moción de desestimación es estrictamente discrecional y debe ser ejercitada después de un sereno y cuidadoso escrutinio de la prueba. *Díaz v. Tribunal Superior*, 93 DPR 79, 83 (1966).

Por ello, si la parte demandante dejare de cumplir con las reglas o con cualquier orden, el tribunal, a

iniciativa propia o a solicitud del demandado, podrá decretar la desestimación del pleito, de cualquier reclamación contra él o la eliminación de las alegaciones. Regla 39.2 de la Regla de Procedimiento Civil, *supra*. El poder discrecional de desestimar una demanda se debe ejercer juiciosa y apropiadamente y sólo debe hacerse en casos en que no haya duda de la irresponsabilidad y contumacia de la parte contra quien se toman las medidas drásticas. *Acevedo* v. *Compañía Telefónica de PR*, 102 DPR 787, 791 (1974).

Sobre el efecto jurídico de no cumplir con la Regla u órdenes del tribunal, la Regla 39.2(a) de la Regla de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2 (a), dispone:

> (a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra esta o la eliminación de las alegaciones, según corresponda.
>
> Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan solo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término. […]

En cuanto al resultado jurídico de la inactividad de las partes, la Regla 39.2 (b) de la Regla de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2 (b), establece:

> (b) El tribunal ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no serán consideradas como un trámite a fines de esta regla.
>
> El tribunal dictará una orden en todos dichos asuntos, la cual se notificará a las partes y al abogado o abogada, requiriéndoles dentro del término de diez (10) días desde que el Secretario o Secretaria les notifique, que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los mismos.

En otras palabras, si la acción disciplinaria contra el abogado no surte efectos positivos, procederá la imposición de la sanción severa de la desestimación de la demanda o eliminación de las alegaciones, únicamente después que la parte haya sido propiamente informada y apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida. *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982). De este modo, la desestimación de un pleito, sin ir a sus méritos como medio de sanción, debe ser el último recurso a utilizarse después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y en todo caso, no debería procederse a ella sin un previo apercibimiento. *Ramírez de Arellano* v. *Srio. de Hacienda*, 85 DPR 823, 829-830 (1962).

Finalmente, la 39.2(c) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(c), dispone:

(c) Después que la parte demandante haya terminado la presentación de su prueba, la parte demandada, sin renunciar al derecho de ofrecer prueba en caso de que la moción sea declarada "sin lugar", podrá solicitar la desestimación fundándose en que bajo los hechos hasta ese momento probados y la ley, la parte demandante no tiene derecho a la concesión de remedio alguno. El tribunal podrá entonces determinar los hechos y dictar sentencia contra la parte demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada. A menos que el tribunal lo disponga de otro modo en su orden de desestimación, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos.

En *Rivera Figueroa v. The Fuller Brush Co.,* 180 DPR 894, 916 (2011), nuestro Tribunal Supremo elaboró los factores a tomarse en cuenta al adjudicar una solicitud de desestimación al amparo de esta regla como sigue:

En una moción al amparo de la Regla 39.2(c), conocida como una moción contra la prueba o *non-suit*, el tribunal está autorizado, luego de la presentación de prueba por parte del demandante, a aquilatar la misma y a formular su apreciación de los hechos, según la credibilidad que le haya merecido la evidencia. Pero esa facultad debe ejercitarse después de un escrutinio sereno y cuidadoso de la prueba. En caso de duda, debe requerirse al demandado que presente su caso. En ese momento, le corresponde al tribunal determinar si la prueba presentada por la parte demandante es suficiente por sí misma para satisfacer los requisitos de su particular causa de acción.

[…]. Además, dada la gravedad de una desestimación de la causa de acción, los tribunales deben ser cuidadosos al atender una moción al amparo de la Regla 39.2(c) pues conlleva el final de la reclamación de un demandante y de su día en corte. Se trata de una decisión que descansa en la sana discreción del tribunal. (Nota al calce omitidas).

Por último, reiteramos que nuestro Tribunal Supremo ha sido enfático en que la moción de "*non suit*" sólo procederá cuando el tribunal está plenamente convencido

de que el demandante no tiene oportunidad de prevalecer. *Lebrón v. Díaz*, 166 DPR 89, 94-95 (2005).

Es principio claro que tal poder discrecional de desestimar una demanda se debe ejercer juiciosa y apropiadamente. La desestimación de un caso como sanción, debe prevalecer únicamente en situaciones extremas en las cuales haya quedado demostrado de manera clara e inequívoca la desatención y el abandono total de la parte con interés y luego que otras sanciones hayan probado ser ineficaces en la administración de la justicia y, en todo caso, no debe decretarse la misma sin un previo apercibimiento. *Pueblo v. Rivera Toro*, 173 DPR 137, 146 (2008).

-B-

La Regla 11 de Procedimiento Civil, 32 LPRA Ap. V, R. 11, regula lo relacionado a los mecanismos de la Reconvención y la Demanda Contra Coparte. En lo pertinente a la controversia ante nuestra consideración, la Regla 11.1, específicamente dispone:

> Una alegación contendrá por vía de reconvención cualquier reclamación que la parte que la formula tenga contra cualquier parte adversa al momento de notificar dicha alegación, siempre que surja del acto, de la omisión o del evento que motivó la reclamación de la parte adversa y no requiera para su adjudicación la presencia de terceros sobre quienes el tribunal no pueda adquirir jurisdicción. Sin embargo, no será necesario incluir dicha reclamación mediante reconvención si al momento de comenzarse el pleito tal reclamación era ya objeto de otro pleito pendiente.

Conforme al ordenamiento procesal vigente, existen dos (2) tipos de reconvenciones, las permisibles y las compulsorias. *SLG Font Bardón v. Mini-Warehouse Corp.*, 179 DPR 322, 332 (2010). Las reconvenciones *permisibles* son aquellas que no surgen del mismo acto o evento que

motivó la reclamación de la parte contra la que se presenta. Regla 11.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 11.2. Por otro lado, la reconvención *compulsoria* se desprende de la Regla 11.1 de las Reglas de Procedimiento Civil, *supra*, y "obliga a una parte a reconvenir contra otra parte adversa que le esté reclamando, siempre y cuando la causa de acción de la parte reconviniente surja del mismo acto, omisión o evento que motivó la reclamación de la parte reconvenida." J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Publicaciones JTS, 2011, T. II, pág. 558.

El propósito de esta regla es establecer un mecanismo para dilucidar todas las controversias comunes en una sola acción y así evitar la multiplicidad de litigios. *Neca Mortgage Corp. v. A & W Dev. S.E.,* 137 DPR 860, 867 (1995). A pesar de lo anterior, la Regla 11.1 de las Reglas de Procedimiento Civil, *supra*, es imprecisa en su definición de qué constituye una reclamación compulsoria. J. Cuevas Segarra, *op. cit.,* pág. 564. Por lo tanto, nuestro Tribunal Supremo, citando al tratadista Hernández Colón, afirmó que:

> Una reconvención es compulsoria: (1) si existe una relación lógica entre la reclamación presentada en la demanda y la que es objeto de la reconvención; (2) cuando los hechos esenciales de ambas reclamaciones están tan vinculados que la economía judicial exige que se ventilen de conjunto; (3) si las cuestiones de hecho y de derecho entre ambas son las mismas; (4) si la doctrina de *res judicata* impediría una acción independiente; y, (5) si ambas reclamaciones surgen de la misma prueba y están vinculadas lógicamente. *Consejo de Titulares v. Gómez Estremera*, 184 DPR 407, 424-425 (2012).

**III.**

En el caso de autos, el señor Terón Santiago presentó como único señalamiento de error que el foro primario incidió al desestimar su reconvención, debido a que es una alegación separada a la demanda y no había sido atendida por el foro *a quo*. Sostiene que, tiene un derecho a un remedio vía reconvención, en el cual solicitó la nulidad de los testamentos. Por ello, reitera que procede revocar la sentencia parcial apelada.

Por su parte, los apelados alegan que el apelante en su reconvención planteó la nulidad de los testamentos. Añaden que, el caso de epígrafe se originó mediante una *Solicitud de Sentencia Declaratoria*, la cual pretendía se declararan válidos los testamentos otorgados. Asimismo, arguyen que una vez el foro primario adjudicó la controversia al declarar válidos los testamentos, mediante sentencia que advino final y firme, el apelante pretende sostener que la reconvención no fue atendida. Por lo que, al declarar válidos los testamentos, la reclamación que pretendía el señor Terón Santiago sostener en su reconvención, quedó extinguida y no contiene remedio alguno.

En nuestro ordenamiento jurídico faculta al juez de instancia a desestimar una causa de acción ante la solicitud de la otra parte o cuando de los hechos probados no surge que el demandante tiene derecho a la concesión de un remedio. Regla 39.2 de las Reglas de Procedimiento Civil, *supra*.

De una lectura de la reconvención instada por el señor Terón Santiago se desprende que las alegaciones presentadas en la moción iban dirigidas a solicitar la

nulidad de los testamentos del señor Terón Del Río y la señora Santiago Avilés. Dicha controversia ya fue atendida por el foro primario, siendo confirmada por el Tribunal de Apelaciones y nuestro Tribunal Supremo.

Por consiguiente, tras evaluar el expediente ante nuestra consideración, no incidió el foro apelado al desestimar la reconvención. En la *Sentencia Parcial*, el foro de instancia explicó que había emitido una *Sentencia Parcial,* la cual advino final y firme, en la que confirmó la validez de los testamentos, y la reconvención del apelante se fundamentaba en la nulidad de estos. Por ello, el señor Terón Santiago no tenia derecho a la concesión de un remedio y procedía la desestimación de la reconvención.

### IV.

Por los fundamentos que expusimos anteriormente, **CONFIRMAMOS** la *Sentencia Parcial* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones